1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff/Respondent,<br>    v.<br><br>RONALD DAVID JONES, JR.<br><br>             Defendant/Petitioner. | CASE NO. 94cr23 WQH<br>CASE NO. 16cv1563 WQH<br><br>**ORDER** |

HAYES, Judge:

The matter pending before the Court is the motion pursuant to 28 U.S.C. § 2255 filed by Defendant/Petitioner.  (ECF No. 86).  Defendant/Petitioner moves the Court to vacate his sentence based upon *Johnson v. United States*, 135 S.Ct. 2551 (2015) and *Welch v. United States*, 136 S.Ct. 1257 (2016).

### BACKGROUND FACTS

On June 3, 1994, a jury found Petitioner guilty of the following charges in the Indictment: Count 1, armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d); Count 2, use of a firearm during the commission of a crime of violence use and carrying a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1); and Count 5, felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).

The presentence report concluded that Petitioner was subject to an enhanced sentence pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924 (e) because the instant offense involves a conviction for a violation of 18 U.S.C. § 922(g)

and Petitioner had the following three prior convictions for a "violent felony" pursuant to § 924(e): 1) April 14, 1987 robbery under Cal. Penal Code § 211, Orange County Superior Court, Case No. C63247; 2) November 4, 1988 attempted robbery 664/211 PC and 12022.5 PC, armed allegation, San Diego Superior Court, Case No. CR95632 and 3) December 12, 2988 bank robbery under 18 U.S.C. § 2113(a), Southern District of California, Docket No. 88-085-01-G. Petitioner filed objections to the calculation of criminal history points, and asserted a double jeopardy challenge to the imposition of sentence for Count 1, armed bank robbery, 18 U.S.C. § 2113 (a) and (d); and Count 2, use and carrying a firearm during the commission of a crime of violence, 18 U.S.C. § 924(c).

At sentencing, the Court accepted the guideline calculations in the presentence report. The Court found the offense level under the guidelines was 34, the criminal history category VI, and the guideline range 262 to 327 months. The Court concluded that Petitioner was subject to a five-year mandatory sentence for the § 924(c) conviction in Count 2. The Court stated, "because of the five years that – the 60 months which I must impose consecutively, I am going to give you the low end of the guideline range." (ECF No. 82 at 80-81). The Court imposed a sentence of 262 months on Counts 1 and 5 concurrent, and a five year mandatory consecutive sentence on Count 2.

Petitioner appealed his conviction. The Court of Appeals for the Ninth Circuit affirmed his conviction. *United States v. Jones*, 84 F.3d 1206 (9th Cir. 1996).

On November 6, 1997, Petitioner filed a petition under 28 U.S.C. § 2255 which was denied by the district court on April 22, 1998.

After *Johnson*, Petitioner filed a motion in the Court of Appeals seeking permission to file a second or successive petition under 28 U.S.C. § 2255. Petitioner contends that he is entitled an order vacating his sentence based upon the decision of the Supreme Court in *Johnson* striking down the residual clause § 924(e)(2)(B)(ii) of the Armed Career Criminal Act as unconstitutional vague.

On November 1, 2016, the Court of Appeals granted the application to file a

second or successive 28 U.S.C. § 2255 motion and transferred Petitioner's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 to this district court. (ECF No. 86).

## APPLICABLE LAW

28 U.S.C. § 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. A petitioner seeking relief under § 2255 must file a motion within the one year statute of limitations set forth in § 2255(f). Section 2255(f)(3) provides that a motion is timely if it is filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

## CONTENTIONS OF THE PARTIES

Petitioner contends that he is no longer subject to the enhanced penalties in Count 5 under the ACCA § 924(e) after *Johnson* declared the residual clause in § 924(e)(2)(B)(ii) unconstitutionally vague. Petitioner asserts that his convictions under Cal. Penal Code § 211 ("CPC §211") are no longer a "violent felony" under 18 U.S.C. § 924(e)(2)(B). Petitioner asserts that robbery is not one of the four enumerated ACCA offenses and that CPC § 211 can be violated with accidental force which does not satisfy the force clause of § 924(e)(2)(B)(i). Petitioner further asserts that he is not subject to the five year mandatory consecutive sentence under § 924(c) in Count 2 because armed bank robbery does not require proof of the use or threatened use of violent physical force and does not qualify under the force clause of Section 924(c)(3)(A).

The Government contends that the statute of limitations bars Petitioner's challenge to the ACCA because Petitioner has not sustained his burden to show that he was sentenced under the residual clause § 924(e)(2)(B)(ii).  The Government further contends that Petitioner remains subject to the ACCA sentencing enhancement, even if he can make a showing that *Johnson* had some effect on his sentence.[1]   The Government asserts that the charge and admission that Petitioner personally used a deadly and dangerous weapon in the commission of the 1987 robbery and personally used a firearm in the commission of his 1988 attempted robbery offense are appropriate to consider for purposes of § 924(e).  Because Petitioner was subject to an additional and consecutive term of imprisonment for these convictions, the Government contends that an element was added to the offenses which satisfies the requirement in § 924(e)(2)(B)(i) of the "threatened use of physical force against the person of another."  The Government asserts that the 1987 robbery conviction and 1988 attempted robbery conviction remain a "violent felony" under the force clause of 18 U.S.C. § 924(e)(2)(B)(i).

Finally, the Government contends that bank robbery under 18 U.S.C. § 2113(a) has as an element the use, attempted use or threatened use of force and remains a violent felony under the force clause of § 924(e)(2)(B)(i) and the force clause of § 924(c)(3)(A).

## ANALYSIS

### Count 5, Armed Career Criminal Act, 18 U.S.C. § 924(e)

A defendant found guilty of felon in possession of a firearm in violation of 18 U.S.C. § 922(g) is subject to the ACCA and must be sentenced to a mandatory minimum of 15 years to life in custody if he has "three previous convictions" for "a violent felony or a serious drug offense, or both."  18 U.S.C. § 924(e)(1).  Under the

---

[1] The Court addresses the merits of the Petition and does not resolve or rely upon the Government's argument that Petitioner's challenge to his sentence is barred by the statute of limitations because Petitioner cannot show that the residual clause affected his sentence.

ACCA, a violent felony includes any crime punishable by imprisonment for a term exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). Courts generally refer to the first clause, § 924(e)(2)(B)(i), as the "force clause"; the first part of the disjunctive statement in (ii) as the "enumerated offenses clause"; and its second part (starting with "or otherwise") as the "residual clause." In *Johnson*, the United States Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague because the application of the residual clause denies fair notice to defendants and invites arbitrary enforcement by judges. 135 S.Ct. at 2557-58. The Court concluded that "[i]ncreasing a defendant's sentence under the [residual] clause denies due process of law." *Id.* at 2557.[2]

In this case, Petitioner was found guilty of felon in possession of a firearm, 18 U.S.C. § 922(g)(1). The sentencing court concluded that the Petitioner was subject to the ACCA enhanced sentence pursuant to 18 U.S.C. § 924(e) because Petitioner had the following three prior convictions: a 1987 state robbery conviction, a 1988 state attempted robbery conviction, and a 1988 federal bank robbery conviction. The Court must determine whether these convictions qualify as a "violent felony" in the absence of the residual clause in § 924(e)(2)(B)(ii) ruled unconstitutional in *Johnson.*

1987 and 1988 state convictions

In 1987, Petitioner entered a plea of guilty to committing robbery in violation of Cal Penal Code § 211 in Orange County Superior Court, Case No. C63247. The Information charged:

COUNT 1: On or about February 2, 1987, RONALD DAVID JONES, in

---

[2] The Court subsequently determined that *Johnson* stated a "new substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016).

1
2
3
4

> violation of Section 211 of the Penal Code (ROBBERY), a FELONY, did willfully, unlawfully, and by means of force and fear, take personal property from the person, possession, and immediate presence of Frederick G. Chambers.
> It is further alleged that in the commission and attempted commission of the above offense in Count 1, the defendant RONALD DAVID JONES, personally used a deadly and dangerous weapon, to-wit: a pellet gun, within the meaning of Penal Code Section 12022(b).

5
6
7
8
9
10

(ECF No. 88-1 at 7). Petitioner admitted to committing the robbery and to the allegation that he personally used a deadly and dangerous weapon in the commission of the robbery. (ECF No. 88-1 at 7). The sentencing judge found that Petitioner admitted the "allegations of 12022(b)." (ECF No. 88-1 at 3). At the time of sentencing, the judge struck the punishment of an additional 1 year at the time of sentencing. *Id.*

11
12
13

In 1988, Petitioner entered a plea of guilty to attempted robbery in violation of Cal. Penal Code § 664/211 in San Diego Superior Court, Case No. CR95632. The Information charged:

14
15
16

> COUNT - 1 ROBBERY  On or about May 16, 1988, RONALD DAVID JONES did willfully, unlawfully, and by means of force and fear, attempt to take personal property from the person, possession, and immediate presence of JAMES PENFIELD in violation of PENAL CODE SECTION Section 664/211.

17
18

> And, it is further alleged that in the commission and attempted commission of the above offense, the said defendant RONALD DAVID JONES, personally used a firearm(s) to wit: handgun, within the meaning of Penal Code Section 12022.5.

19
20
21
22

(ECF No. 88-1 at 19). Petitioner admitted to the attempted robbery and to the allegation that he personally used a firearm in the commission of the attempted robbery. (ECF No. 88-1 at 22). Petitioner was sentenced for the attempted robbery and for an additional term of 2 years under section 12022.5. *Id.* at 22.

23
24
25
26
27

To determine whether a state statute of conviction meets the ACCA's definition of "violent felony," a court must apply the categorical approach announced by the Supreme Court in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Under *Taylor's* categorical approach, a court determines whether a prior conviction under a state statute qualifies as a "violent felony" conviction under the

28

ACCA by looking "only to the fact of conviction and the statutory definition of the prior offense," not to the facts underlying the conviction. *See, e.g., United States v. Grisel*, 488 F.3d 844, 847 (9th Cir.2007) (en banc) (quoting *Taylor*, 495 U.S. at 602, 110 S.Ct. 2143). A violation of a state statute is categorically a "violent felony" under the ACCA "only if the [state] statute's elements are the same as, or narrower than," those included in the ACCA's definition of "violent felony." *Descamps v. United States*, —— U.S. ——, 133 S.Ct. 2276, 2281, 186 L.Ed.2d 438 (2013). In identifying the elements of a state statute, a court considers the language of the statute and judicial opinions interpreting it. *Rodriguez–Castellon v. Holder*, 733 F.3d 847, 853 (9th Cir. 2013).

CPC § 211 prohibits "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Cal. Penal Code § 211. CPC § 12022(b) provides "A person who personally uses a deadly or dangerous weapon in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for one, two, or three years." CPC § 12022(b)(1). Cal. Penal Code § 12022.5 provides "Except as provided in subdivision (b), any person who personally uses a firearm in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for 3, 4, or 10 years, unless use of a firearm is an element of that offense." Cal. Penal Code § 12022.5(a).

In *United States v. Dixon*, 805 F.3d 1193 (9th Cir. 2015), the Court of Appeals concluded that "CPC § 211 is not a categorical match because it criminalizes conduct not included within the ACCA's definition of 'violent felony.'" *Id.* at 1196. The Court of Appeals concluded that CPC § 211 robbery is broader than the enumerated offense of extortion in § 924(e)(2)(B)(ii) and that CPC § 211 did not meet the elements test of § 924(e)(2)(B)(i). The Court of Appeals explained:

1

2

3

4

5

6

7

8

Because the ACCA's definition of "violent felony" lacks "robbery" by name, any violation of CPC § 211 that does not constitute extortion must have "as an element the use, attempted use, or threatened use of physical force against the person." 18 U.S.C. § 924(e)(2)(B)(i). This element test contains two additional requirements. First, the "physical force" used must be "violent force," or "force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010). Second, the use of force must be intentional, not just reckless or negligent. *United States v. Lawrence*, 627 F.3d 1281, 1284 (9th Cir.2010); *see also Leocal v. Ashcroft*, 543 U.S. 1, 12–13, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004). Although some violations of CPC § 211 not constituting extortion—such as the conduct described in *Torres*—would meet the element test, other violations of CPC § 211 would not.

9

10

11

12

13

14

15

16

17

In *People v. Anderson*, the California Supreme Court clarified that one may violate CPC § 211 by accidentally using force. 51 Cal.4th 989, 125 Cal.Rptr.3d 408, 252 P.3d 968, 972 (2011). The facts of Anderson illustrate why CPC § 211 is not a categorical match to the ACCA's definition of "violent felony." Anderson broke into an unoccupied car that was parked in a parking garage, intending to steal it. *Id*. 125 Cal.Rptr.3d 408, 252 P.3d at 970–71. He drove the car out of its parking spot and attempted to leave the garage, but could not because the gate was closed and he did not have a way to open it. *Id*. After the gate opened, Anderson sped out of the garage in the stolen car, running over the car's owner in the process. *Id*. Although Anderson claimed this was an accident, the California Supreme Court upheld his CPC § 211 conviction, ruling that the statute does not require finding the defendant acted with the intent to use force against another, as long as the defendant did use force against another person with the intent to steal. *Id*. 125 Cal.Rptr.3d 408, 252 P.3d at 971–72.

18

19

20

21

22

23

24

25

26

*Anderson* thus delineates one narrow class of CPC § 211 violations that do not satisfy the ACCA's definition of "violent felony": those in which (1) the taking is not consensual (thereby failing the definition of generic extortion); and (2) the defendant uses force against a person, but only accidentally or negligently, rather than intentionally (thereby failing the element test of 18 U.S.C. § 924(e)(2)(B)(i) as interpreted by *Lawrence* and *Leocal* ). We acknowledge that the facts underlying the vast majority of convictions under CPC § 211 likely meet the definition of generic extortion, the element test, or both. However, Taylor's categorical approach is an "elements-based inquiry," not an "evidence-based one." *Descamps*, 133 S.Ct. at 2287. Because *Anderson* shows that one can realistically violate CPC § 211 in a manner that is not covered by the ACCA's definition of "violent felony," a violation of CPC § 211 is not categorically a "violent felony" under the ACCA. *See Grisel*, 488 F.3d at 850 (noting that a state statute is not a categorical match to its federal counterpart only if there is a "realistic probability" that the statute would apply to conduct not included in the federal definition) (citing *Gonzales v. Duenas–Alvarez*, 549 U.S. 183, 193, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007)).

27

28

805 F.3d at 1197-98.

In this case, the Government asserts that Petitioner's 1997 and 1998 convictions under CPC § 211 remain subject to the ACCA enhancement because the Petitioner's prior offenses included the charge, admission, and finding that he personally used a deadly and dangerous weapon in the commission of the 1987 robbery offense, and that he personally used a firearm in the commission of the 1988 attempted robbery offense. The Government contends that the additional charges, additional admissions, and additional findings pursuant to CPC § 12022(b) and CPC § 12022.5 distinguishes this case from *Dixon*, and satisfies the requirement in § 924(e)(2)(B)(i) that the offense "has as an element the use, attempted use, or threatened use of physical force against the person of another."  18 U.S.C. § 924(e)(2)(B)(i). The Government asserts that "any facts that raise the floor of punishment – as § 12022.5 does by requiring at least a consecutive 3 years term – is an 'element' of the offense."  (ECF No. 88 at 12).  The Government asserts that because the charge and finding  "of 'use' increased the penalty to which [Petitioner] was subjected, it was an element and appropriate to consider for § 924(e) purposes." *Id*. at 13.

Defendant contends that binding precedent in *Dixon* holds that a § 211 conviction cannot sustain an ACCA enhancement.   Defendant asserts that the sentencing enhancements under  CPC § 12022(b) and CPC § 12022.5 for the personal use of a deadly or dangerous weapon or a firearm  "do not transform his robberies offenses into serious, violent felonies." (ECF No. 89 at 10).

The Court must determine whether Petitioner's convictions under CPC § 211 / § 12022(b) and CPC §211 / 12022.5 meet the elements requirement  of § 924(e)(2)(B)(i).  In making this determination, the Court considers only the language of the relevant statutes and judicial opinions interpreting them. *See Rodriguez–Castellon v. Holder*, 733 F.3d 847, 853 (9th Cir.2013).

1  Petitioner's prior offenses included a charge of the personal use of deadly and

2  dangerous weapon in the 1987 conviction and personal use of a firearm in the 1988

3  conviction which were not considered by the Court of Appeals in *Dixon*.  These factual

4  allegations were included in the charging documents, admitted by the Petitioner at the

5  plea, and subjected Petitioner to an increased penalty.  In *Alleyne v. United States*, 133

6  S.Ct. 2151(2013), the United States Supreme Court concluded that "Any fact that, by

7  law, increases the penalty for a crime is an 'element' that must be submitted to the jury

8  and found beyond a reasonable doubt."  *Id.* at 2155 citing *Apprendi v. New Jersey*, 530

9  U.S. 466, 483 (2000).  The Supreme Court explained,

> The touchstone for determining whether a fact must be found by a jury
> beyond a reasonable doubt is whether the fact constitutes an "element" or
> "ingredient" of the charged offense. *United States v. O'Brien*, 560 U.S.
> 218, ——, 130 S.Ct. 2169, 176 L.Ed.2d 979 (2010); *Apprendi*, supra, at
> 483, n. 10, 120 S.Ct. 2348; J. Archbold, Pleading and Evidence in
> Criminal Cases 52 (5th Am. ed. 1846) (hereinafter Archbold). In
> *Apprendi*, we held that a fact is by definition an element of the offense and
> must be submitted to the jury if it increases the punishment above what is
> otherwise legally prescribed. 530 U.S., at 483, n. 10, 120 S.Ct. 2348.
> While *Harris* declined to extend this principle to facts increasing
> mandatory minimum sentences, *Apprendi*'s definition of "elements"
> necessarily includes not only facts that increase the ceiling, but also those
> that increase the floor.  Both kinds of facts alter the prescribed range of
> sentences to which a defendant is exposed and do so in a manner that
> aggravates the punishment. 530 U.S., at 483, n. 10, 120 S.Ct. 2348;
> *Harris*, supra, at 579, 122 S.Ct. 2406 (THOMAS, J., dissenting).  Facts
> that increase the mandatory minimum sentence are therefore elements and
> must be submitted to the jury and found beyond a reasonable doubt.

*Id.* at 2158.  Recently, in *Mathis v. United States*, 136 S.Ct. 2243 (2016), the Court

stated,

> "Elements" are the "constituent parts" of a crime's legal definition—the
> things the "prosecution must prove to sustain a conviction." Black's Law
> Dictionary 634 (10th ed. 2014). At a trial, they are what the jury must find
> beyond a reasonable doubt to convict the defendant, *see Richardson v.
> United States*, 526 U.S. 813, 817, 119 S.Ct. 1707, 143 L.Ed.2d 985
> (1999); and at a plea hearing, they are what the defendant necessarily
> admits when he pleads guilty.

*Id.* at 2248.

Applying the well-established principles of *Apprendi, Alleyne, and Mathis*, this

- 10 -

1   Court concludes that the factual allegations of personal use of a deadly and dangerous

2   weapon in the commission of the 1987 robbery and the personal use of a firearm in the

3   1988 attempted robbery are elements of Petitioner's prior convictions for the purposes

4   of § 924(e). These facts were charged, admitted at the plea and subjected the Petitioner

5   to an increased sentence.[3] The Court concludes that the Petitioner's aggravated robbery

6   convictions fall within a more narrow class of CPC § 211 violations than the conviction

7   in *Dixon* and meet the elements test of § 924(e)(2)(B)(i). The personal use element in

8   CPC § 12022(b) and CPC § 12022.5 satisfies the requirement that "the 'physical force'

9   used must be 'violent force,' or 'force capable of causing physical pain or injury to

10  another person'" and the requirement that "the use of force must be intentional, not just

11  reckless or negligent." *Dixon*, 805 F.3d at 1197 quoting *Johnson v. United States*, 559

12  U.S. 133, 140 (2010). The additional element of personal use of a dangerous and

13  deadly or a firearm eliminates the possibility in *Dixon* that "the defendant uses force

14  against a person, but only accidentally or negligently, rather than intentionally." *Id.* at

15  1198. Unlike in *Dixon*, the facts underlying convictions under CPA §211/ § 12022(b)

16  and CPC §211 / § 12022.5 do not present a "realistic probability" that the statutes will

17  apply to conduct not included in the ACCA definition of violent felony. *Gonzales v.*

18  *Duenas-Alvarez*, 549 U.S. 183, 193 (2007). In reaching this conclusion, this Court has

19  looked only to the fact of conviction and the statutory definition of the prior offense,

20  not to the facts underlying the conviction. The Court concludes that Petitioner's 1987

21  conviction for CPC §211 / CPC § 12022(b) and 1988 conviction for CPC 211/

22

23      [3] The Court has reviewed *United States v. Heflin*, 2016 WL 3906895 (E.D. Cal.
24  July 18, 2016) in which the court concluded that "§ 12022.5 and §§ 12022(b)(1 and
    12022.7 are sentencing statutes that do not define a separate offense but are merely
25  sentencing provisions." *Id.* at *4. This court concludes that this conclusion does not
    take into account the additional charges, the admission, and the increased sentence, or
26  the legal authority finding that sentencing facts essential to the penalty are elements.
    *Alleyne*, 133 S.Ct. at 2159. ("If a fact was by law essential to the penalty, it was an
27  element of the offense.").

28

CPC12022.5 criminalize only conduct included within the ACCA's definition of "violent felony." 18 U.S.C. § 924(e)(1).

The Court concludes that Petitioner has three prior convictions for violent felony under § 924(e)[4] and remains subject to the ACCA enhanced sentence in the absence of the residual clause in § 924(e)(2)(B)(ii). Petitioner is not entitled to relief under 28 U.S.C. § 2255 for his sentence under Count 5.

**Count 2 18 U.S.C. 924(c)(1)**

Petitioner was sentenced to a five year mandatory consecutive sentence on Count 2 for the use and carrying of a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1) which provides certain penalties for a person "who, during and in relation to any crime of violence..., uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). Under § 924(c)(3),

> ... the term "crime of violence" means an offense that is a felony and—
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Courts generally refer to the "(A)" clause of Section 924(c)(3) as the "force clause" or the "elements clause" and to the "(B)" clause of Section 924(c)(3) as the "residual clause."

In *Johnson*, the United States Supreme Court held that the residual clause of the

---

[4] Defendant contends in footnote 2 of his Petition that "his third predicate, armed bank robbery under § 2113(d), is not a 'violent felony' for the reasons stated" in support of his argument that his five-year sentence under § 924(c) must be corrected. (ECF No. 86). The Court finds that the third ACCA predicate for his 1988 bank robbery conviction is a "violent felony" for the reasons stated in upholding Petitioner's sentence under Count 2.

1    Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii)[5] is

2    unconstitutionally vague because the application of the residual clause denies fair notice

3    to defendants and invites arbitrary enforcement by judges. 135 S.Ct. at 2557-58. The

4    Court concluded that "[i]ncreasing a defendant's sentence under the [residual] clause

5    denies due process of law." *Id.* at 2557.

6         To determine whether a predicate felony meets the definition of "crime of

7    violence," the Court applies a three-step process: (1) the "categorical approach"

8    compares whether the statute of conviction is a categorical match to the generic

9    predicate offense; that is, it determines whether the statute of conviction criminalizes

10   only as much or less conduct than the generic offense; (2) if the statute criminalizes

11   conduct beyond the elements of the generic offense, and is therefore "overbroad," the

12   Court next determines whether the statute is "divisible" or "indivisible"; and (3) if the

13   statute is overbroad and divisible, the "modified categorical" approach permits the

14   Court to examine certain documents from the record of conviction to determine what

15   elements of the divisible statute the defendant was convicted of violating.

16   *Lopez-Valencia v. Lynch*, 798 F.3d 863, 867-68 (9th Cir. 2015). Under the first step, the

17   "categorical approach" set forth in *Taylor v. United States*, 495 U.S. 575 (1990), the

18   Court must "determine whether the statute of conviction is categorically a 'crime of

19   violence' by comparing the elements of the statute of conviction with the generic

20   federal definition." *United States v. Sahagun-Gallegos*, 782 F.3d 1094, 1098 (9th Cir.

21   2015).

22

23   ─────────────────

24   [5] The relevant language found unconstitutionally vague in the residual clause of §
     924(e)(2)(B)(ii) provides: "any crime . . . that . . . otherwise involves conduct that presents a
     serious potential risk of physical injury to another."  Other provisions of § 924(e)(2)(B) not

25   addressed in *Johnson* include the enumerated offenses in § 924(e)(2)(B)(ii) ("is burglary,
     arson, or extortion, or involves use of explosives"), and the remainder of the definition of

26   violent felony in § 924(e)(2)(B)(i) ("has as an element the use, attempted use, or threatened
     use of physical force against the person of another").

27

28

In this case, the Court compares the elements of the Count 1 armed bank robbery, 18 U.S.C. § 2113(a)and (d), with the definition of "crime of violence" in the elements or force clause of §924(c)(3)(A) to determine whether armed bank robbery criminalizes more or less conduct. The relevant statutory language provides,

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—
>
> Shall be fined under this title or imprisoned not more than twenty years, or both.
>
> ****
>
> (d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

18 U.S.C. § 2113(a) and (d).

In *United States v. Wright*, 215 F.3d 1020 (9th Cir. 2000), the Court of Appeals held that armed bank robbery was an underlying predicate offense – that is, a crime of violence – to support a conviction for using or carrying a firearm under § 924(c). The Court stated, "18 U.S.C. § 924(c)(3) defines a crime of violence for the purposes of §924(c) as a felony that 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.' Armed bank robbery qualifies as a crime of violence because one of the elements of the offense is taking 'by force and violence, or by intimidation.' 18 U.S.C. § 2113(a)." *Id*. at 1028 (quoting 18 U.S.C. § 924(c)(3)(A)).

The conclusion of the Court of Appeals in *Wright* that bank robbery under §2113(a) is a crime of violence under the elements/force clause in § 924(c)(3)(A) is not affected by the decision of the Supreme Court in *Johnson* invalidating the residual clause of the definition of "violent felony." The Supreme Court in *Johnson* limited the application of its holding to the residual clause of the ACCA. *Johnson*, 135 S.Ct. at 2563. ("Today's decision does not call into question application of the Act to . . . the remainder of the Act's definition."). This court concludes that Petitioner's conviction in Count 2 under § 924(c) is valid pursuant to § 924(c)(3)(A) even if *Johnson* is applied to conclude that the residual clause of the "crime of violence" definition in § 924(c)(3)(B) is unconstitutionally vague. *See In re Hines*, 824 F.3d 1334 (11th Cir. 2016); *United States v. Watson*, Nos. CR 14-00751-01 DKW, CR 14-00751-02 DKW, CV 15-00313 DKW-KSC, CV 15-00390 DKW-BMK, 2016 WL 866298 (D. Haw. Mar. 2, 2016); *United States v. Inoshita*, Nos. Cr. 15-00159 JMS, Civ. 16-00032 JMS-KSC, 2016 WL 2977237 (D. Haw. May 20, 2016); *United States v. Taylor*, Nos. Criminal H-13-101, Civil Action H-16-1699, 2016 WL 3346543 (S.D. Tex. June 16, 2016); *United States v. Torres*, Case Nos. 8:10-cr-483-T-23MAP, 8:16-cv-1525-T-23MAP, 2016 WL 3536839 (M.D. Fla. June 28, 2016); *United States v. Fisher*, Criminal Action No. 5:07-41-DCR, Civil Action No. 5:16-238-DCR, 2016 WL 3906644 (E.D. Ky. July 14, 2016); *Gutierrez v. United States*, CIV. 16-5055, CR 00-50081-04, 2016 WL 4051821 (D. S.D. July 27, 2016).

In this case, Petitioner was found guilty in Count 1 of the charge of armed bank robbery "by force and violence, or by intimidation" in violation of § 2113(a) and (d). In *United States v. Selfa*, 918 F.2d 749 (9th Cir. 1990), the Court of Appeals held that "persons convicted of robbing a bank 'by force and violence' or 'intimidation' under 18 U.S.C. § 2113(a) have been convicted of a 'crime of violence' within the meaning of Guideline Section 4B1.1." *Id*. at 751. The Court in *Selfa* applied the elements clause

of the term "crime of violence," in U.S.S.G. § 4B1.2(a)(1) which applies to an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another. . . ."[6] *Id.* In *Selfa*, the Court "defined 'intimidation' under section 2113(a) to mean 'willfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm." *Id.* (quoting *United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983)). The Court found the "definition [of intimidation] is sufficient to meet the section 4B1.2(1) requirement of a 'threatened use of physical force.'" *Id.; see United States v. Steppes*, 2016 WL 3212168 (9th Cir. June 10, 2016) (holding that defendant's conviction under 18 U.S.C. § 2113(a) categorically qualifies as a "crime of violence" under U.S.S.G. § 4B1.2(a)(1)). The Court concludes that armed bank robbery "by intimidation" in violation of § 2113(a) satisfies the requirement of § 924(c)(3)(A) that the underlying felony offense has "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

Bank robbery in violation of 18 U.S.C. § 2113 (a) and (d) is a categorical match to the elements/force clause of §924(c)(3)(A) and requires proof of the intentional use or threatened use of physical force, "that is, force capable of causing physical pain or injury to another." *Johnson v. United States*, 559 U.S. 133, 140 (2010). Petitioner is not entitled to relief under 28 U.S.C. § 2255 for his sentence under Count 2.

**Certificates of Appealability**

Rule 11(a) Governing § 2255 Cases in the U.S. Dist. Cts. provides that "[t]he

---

[6] The language in the elements clause of U.S.S.G. §4B1.2(a) provides, "[t]he term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that – (1) has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. §4B1.2(a). In comparison, the language in the elements clause in § 924(c)(3)(A) states: "has as an element the use, attempted use, or threatened use of physical force against the person **or property** of another." (emphasis added).

- 16 -

district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A petitioner is required to demonstrate only "that reasonable jurists could debate the district court's resolution or that the issues are adequate to deserve encouragement to proceed further." *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). The Court concludes that the issues raised in this appeal are appropriate for certificate of appealability.

IT IS HEREBY ORDERED that motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 filed by Defendant/Petitioner is denied. (ECF No. 86). The Clerk is directed to close this case. Petitioner is granted a certificate of appealability.

DATED: January 31, 2017

**WILLIAM Q. HAYES**
United States District Judge